IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3062-D

| | | |
|---|---|---|
| DAVID O'NEAL JENKINS-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RODOLFO ALVARADO, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On March 30, 2011, David O'Neal Jenkins-Bey ("Jenkins-Bey" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Jenkins-Bey names thirteen defendants, including law enforcement officers, a city manager, a county commissioner, defense attorneys, and prosecutors, all located in and around the town of Ahoskie and Hertford County, North Carolina. Id. at 2–6. Jenkins-Bey seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 3]. On March 30, 2011, Jenkins-Bey filed a "motion for any and all tangible or intangible forensic evidence, lab reports held by S.B.I. lab" [D.E. 4] and a request for production of documents [D.E. 5]. On April 13, 2011, Jenkins-Bey filed a motion for appointment of counsel [D.E. 7].

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490

U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff's complaint (including exhibits) is 95 pages and not a model of clarity. On November 28, 2005, in Hertford County Superior Court, Jenkins-Bey pleaded guilty to and was convicted of four counts of the sale and delivery of crack cocaine, and being a habitual felon. Compl. 9 & Ex. C (transcript of plea hearing). He was sentenced to a term of imprisonment of 90 to 117 months. Id. Apparently, many of the defendants were involved in various capacities in plaintiff's criminal prosecution. See, e.g., Compl. 9 (alleging defendant Moody was Jenkins-Bey's "original attorney" and defendant Buffaloe was the district attorney at his plea hearing); Ex. A (10/19/05 arrest warrant for plaintiff showing that defendants Alvarado, Roberts, and Stallings were involved in seeking an arrest warrant for and arresting plaintiff); Ex. E at 6 (8/2/05 police report indicating defendant Eure was member of surveillance team investigating plaintiff); Ex. G at 4 (11/26/08 letter from plaintiff to defendant Wilson requesting "discovery [of] all information

2

containing to my [criminal] case"), 6 (12/10/10 FOIA request from plaintiff "requesting full disclosure of all investigative materials from [defendants] . . . Fitzgerald, . . . Roberts, . . . Alvarado, and . . . Eure, concerning the drug operation investigation of July and August 2005"), 13 (2/11/11 FOIA appeal letter addressed to defendants Asbell and Buffaloe).

According to Jenkins-Bey, "[o]n 12 February 2008, an evidentiary hearing was held in this cause where defendant Buffaloe entered in states evidence lab reports and actual photos." Compl. 9. On February 20, 2008, Jenkins-Bey received a copy of the "2008 discovery package [which] contains no lab reports, witness statements, case notes or reports from the case lead officers [defendants] Roberts and . . . Eure and no actual photos that were entered in states evidence at the 12 February 2008 evidentiary hearing." Id. 9–10. Moreover, although his defense attorney (defendant Moody) had made "four (4) different lab request [sic] for examination of physical evidence" in 2005, the "2008 . . . discovery package [indicates] that defendant Alvarado fail[ed] to submit to the N.C. S.B.I. laboratory the alleged crack cocaine" for testing. Id.

Jenkins-Beys asserts that these evidentiary errors arise from the failure of defendants Fitzgerald, Hammond, Vaughan and Farmer "to train its [sic] officers Alvarado, Roberts and Eure of Hertford County Sheriff Dept. in a proper undercover drug operation and investigation and identification techniques." Compl. 17. Jenkins-Bey further "alleges defendants attorney Moody conspired with defendants District Attorneys Asbell and Buffaloe to deprive the plaintiff of his federally protected rights, because defendant Moody allowed the plaintiff plea hearing to proceed [in 2005] without objecting to the state not offering into evidence the all[e]ged drugs, no photos or video tape to enter into evidence, and that defendant Moody and defendants Asbell and Buffaloe knew very well that the laboratory analysis of alleged drugs never took place . . . ." Id. 18. Plaintiff

3

asserts violations of his right to due process under the Fourteenth Amendment and seeks to "expunge the plaintiff conviction[,]" compensatory damages totaling $47,950,000, punitive damages in the amount of $150,000.00 from each defendant, and "a writ of attachment lien against each of the defendant's personal and real property[.]" Id. 23–24.

To recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Here, Jenkins-Bey seeks to expunge his conviction. Because Jenkins-Bey's conviction has not been overturned or otherwise invalidated, Jenkins-Bey may not proceed with this claim.

As for Jenkins-Bey's claim for conspiracy, to establish a civil conspiracy, a plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. See id. at 421–23. Rather a plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. at 421. Jenkins-Bey fails to present sufficient allegations that would demonstrate a "meeting of the

4

minds" between any defendants. Cf. Iqbal, 129 S. Ct. at 1949–52; Twombly, 550 U.S. at 555–56, 563. Thus, plaintiff fails to state a claim for conspiracy.

Moreover, Jenkins-Bey has named numerous defendants who are either immune from or otherwise not amenable to suit under section 1983. As for defendants Asbell and Buffaloe, prosecutors are absolutely immune when carrying out prosecutorial functions. See Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976). As for defense attorneys Moody and Wilson, they were not acting under color of state law and, therefore, are not amenable to suit under section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). Finally, Jenkins-Bey names several defendants – Fitzgerald, Hammond, Vaughan and Farmer – on a theory of supervisory liability. However, the doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 129 S. Ct. at 1948–49; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Jenkins-Bey's conclusory allegation that defendants Fitzgerald, Hammond, Vaughan and Farmer did not properly train police officers in investigative procedures is insufficient to state a claim against these defendants. Thus, Jenkins-Bey's claims are dismissed as frivolous.

Alternatively, the court dismisses the action as untimely. Congress has not adopted a specific statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. See, e.g., Burnett v. Grattan, 468 U.S. 42, 48–49 (1984); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983.

5

Wallace v. Kato, 549 U.S. 384, 387 (2007). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5). Thus, North Carolina's three-year statute of limitations governs Jenkins-Bey's claims. See, e.g., Franks v. Ross, 313 F.3d 184, 194 (4th Cir. 2002); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 & n.2 (4th Cir. 1991).

Although the limitations period for claims brought under section 1983 is borrowed from state law, the time for accrual of an action is a question of federal law. See, e.g., Wallace, 549 U.S. at 388; Brooks, 85 F.3d at 181. A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See, e.g., Wallace, 549 U.S. at 391; Nasim, 64 F.3d at 955. Jenkins-Bey alleges that he received the deficient discovery package on February 20, 2008. Compl. 9–10. Therefore, Jenkins-Bey's claims accrued at the latest on that date, and expired three years later on February 20 2011. Jenkins-Bey placed his complaint in the mail on March 28, 2011. Thus, the action is untimely.

Finally, as for Jenkins-Bey's motion for appointment of counsel [D.E. 7], no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case, and Jenkins-Bey's abilities do not present exceptional circumstances. Accordingly, the court denies Jenkins-Bey's motion to appoint counsel.

For the reasons stated, the court DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915(e)(2)(B). The court DENIES plaintiff's "motion for any and all tangible or intangible

forensic evidence, lab reports held by S.B.I. lab" [D.E. 4] and motion for appointment of counsel [D.E. 7]. The Clerk of Court is directed to close the case.

SO ORDERED. This 30 day of September 2011.

JAMES C. DEVER III
United States District Judge